SABERS, Retired Justice
(concurring specially).
[¶ 35.] Steichen has failed to show a valid constitutional violation of due process in regard to the other act evidence admitted in his trial. Furthermore, the United States Supreme Court has not explicitly addressed whether other act testimony violates a defendant’s constitutional rights. Estelle, 502 U.S. at 75, n. 5, 112 S.Ct. at 484 n. 5, 116 L.Ed.2d 385. However, a defendant should be tried only for the acts for which he is currently charged, and not for his other acts because it prejudices the trial. Therefore, I continue to stand on my dissent in Steichen’s direct appeal of this case. See Steichen, 1998 SD 126, *395 ¶¶ 43-49, 588 N.W.2d at 878-79 (Sabers, J., dissenting).
[¶86.] In this habeas action, Steichen has failed to prove ineffective assistance of counsel. The record indicates that Stei-chen’s trial counsel adequately represented him and properly argued against admittance of the other act evidence. Under these facts, the trial court’s admission of this evidence does not provide grounds for reversal on a habeas claim. For these reasons, I concur specially.